IN RE GUARDIANSHIP OF C. C. BERGE, INCOMPETENT. C. C. BERGE v. P. N. STEEN AND OTHERS.[1]

November 13, 1925.

No. 24,865.

**Rulings on evidence sustained.**

1. We find no reversible error in this case, either upon the rulings upon the reception or exclusion of evidence.

**Finding as to mental condition of alleged incompetent sustained.**

2. The findings of the trial court were justified by the evidence.

1. See Appeal and Error, 4 C. J. p. 963, § 2948.
2. See Insane Persons, 32 C. J. p. 613, § 172.

Christopher C. Berge was adjudged incompetent by the probate court for Rock county, Webber, J., and a guardian of his person and property appointed. He appealed to the district court for that county where the appeal was heard by Nelson, J., who reversed the judgment and order of the probate court. Clara J. Sanderson appealed from an order denying her motion for a new trial. Affirmed.

*Canfield & Michael*, for appellant.

*Hansen & Engan*, for respondent.

[1]Reported in 205 N. W. 886.

QUINN, J.

This proceeding was instituted in the probate court of Rock county for the appointment of a guardian for Christopher C. Berge, upon the ground that, by reason of his age and impairment of health, he is no longer competent to have the charge and management of his property. The probate court, at a hearing duly called and conducted, adjudged Mr. Berge to be incompetent and appointed a guardian over his person and property. Upon appeal to the district court, the order of the probate court was reversed and the petitioner appealed from an order denying her motion for a new trial.

Mr. Berge is 75 years of age, was born in Norway and came to this country when but 2 years of age. When 21, he located in Rock county, procured his naturalization papers, exercised his preemption and homestead rights, and, by hard work and strict economy, accumulated a small fortune, consisting of a farm of 160 acres, valued at $16,000. He also held first real estate mortgages to the amount of about $30,000. He was married but there were no children, his only relatives in this country being 9 nephews and nieces, which included the petitioners.

Mr. Berge affiliated with the Norwegian Lutheran Church of America. That denomination maintains a home at Beresford, South Dakota, known as the Bethesda Home, for the care of aged people. He lived in Sioux Falls for a number of years. In 1919 he went with his wife to the village of Steen, in Rock county, where they built a small house on a lot owned by his niece, Clara Sanderson, the petitioner herein. In 1923 his wife died, and he went, and for 14 months made his home with Mrs. Sanderson, who cared for him kindly and well. In January, 1923, he wrote a letter to the Bethesda Home, asking to be admitted as an inmate and telling of his age and the amount of his property. Shortly thereafter, the manager of the home, Mr. J. O. Johnson, met Mr. Berge at Sioux Falls, and on March 12 following they went to Luverne where a deed was prepared and signed, conveying the farm to the Bethesda Home, but it was not delivered. The two men then went to the bank where Mr. Berge kept his papers and securities, and procured a

part of them, valued at about $11,000, for the purpose of turning them over to the home, all in consideration of a promise that he might live there during the remainder of his life. At that time, this proceeding was commenced which put a stop to the proposed transfer of the farm and the securities. In the following month, the probate court adjudged Mr. Berge to be incompetent to handle his property and appointed a guardian over his person and property. Appellant asks for a reversal and bases her argument upon 13 assignments of error, the first 12 of which pertain to the rulings upon the admissibility of evidence, and the last assignment was that the decision was not justified by the evidence and was contrary to law.

We have examined the record with considerable care and are satisfied that, in considering and weighing the evidence, the trial court was right in his conclusion as to the mental condition of the alleged incompetent, nor do we find any prejudicial error in the rulings upon the reception and exclusion of evidence. No particular good would flow from an extended review, in this opinion, of the proofs in the case.

Affirmed.

WILSON, C. J. (concurring.)

I concur in the result, but do so only upon the theory that Mr. Berge was attempting to make a gift to the institution. If competent, he had a right to do this. The trial court has not made any finding to this effect, but I cannot believe that it would have reached its conclusion upon any other theory. Obviously it would have been an improvident business transaction for this 75-year old man to have given property valued at $27,000 in consideration of a promise that he might live in the home, concerning which he knew very little, the remainder of his life. Such a transaction is the strongest kind of evidence of incompetency. He did go to the home, but he stayed only 4 months. Obviously the petition herein is the only thing that saved him from consummating this proposed transaction which it is fair, from the record, to say would not have been satisfactory to him. There was much evidence calling for a decision the other

way, but there is some evidence in support of the conclusion reached which permits an affirmance upon the theory that appellant was making a gift and not resting upon an intelligent business-like contract. Even then the record is not persuasive that this man's property is safe while left to his management and control.

STONE, J. (concurring.)
I concur in the views of the Chief Justice.